# COURT OF APPEALS OF TEXAS.

## TYLER TERM, 1881.

### JIM COOK *v.* THE STATE.

1. CARRYING WEAPONS.— At a trial for unlawfully carrying a pistol there was evidence tending to prove that the cylinder of the pistol was not attached to it nor in the defendant's possession when the State's witness saw him with the weapon. *Held*, that the trial court erred in refusing a special instruction for acquittal in case the jury so found the facts.

2. PRACTICE.— After the prosecuting counsel had concluded his opening argument to the jury, the defense offered a material witness who had not been summoned but had promised to attend. No dilatory purpose or other malpractice was imputable to the defense. *Held*, that article 661 of the Code of Procedure made it incumbent on the trial court to admit the evidence, and it was error to exclude it.

APPEAL from the County Court of McLennan. Tried below before the Hon. G. B. GERALD, County Judge.

The material facts are disclosed by the opinion of the court.

*T. A. Blair*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. Appellant was convicted of unlawfully carrying a pistol. The record presents two questions for our decision: 1st. Is it unlawful to carry a pistol which has no cylinder? 2d. Did the court err in refusing to allow the defendant to introduce the witness Harman?

We are of the opinion that without a cylinder the other facts which enter into the make-up of a pistol are not

sufficient to constitute the weapon prohibited. We are not to be understood as holding that the pistol must be in shooting order, nor that a person would *not* violate the law by carrying the cylinder and the other part of the pistol, with the cylinder detached. The rapidity with which the parts may be detached and replaced in their proper relations, the one to the other, would render detection and punishment very uncertain. The extent of our ruling upon this point is that to carry the part of the pistol without the cylinder is no offense. If we are correct on this point, it follows, there being evidence tending to prove that the defendant carried the pistol (so termed, without a cylinder, it being in possession of a third party), that the court erred in refusing to give the charge asked by the defendant.

The refused charge is to the effect that if the jury believed that the pistol had no cylinder they would acquit. It is claimed by the Assistant Attorney General that the evidence fails to show that the pistol without the cylinder was the same seen by the prosecuting witness. There was evidence tending to prove identity; whether with great or little strength is not the question. The jury being the sole judges of the weight of evidence, the court should have charged the law applicable to every phase of case indicated by the evidence. This the learned judge was requested to do, but refused, and the defendant reserved his bill.

The other question raised by bill of exception is as to the correctness of the action of the court in refusing to allow defendant to introduce the witness Harman. It appears by the bill that the evidence had closed, and that the county attorney had concluded his opening argument to the jury, when the defendant offered the witness Harman by whom he proposed to prove "that about 9 o'clock on the morning of the 7th of January, 1881, the date of the offense charged, he, the said Harman, was clerking for

one Robertson in Waco, and that at the time above set out the defendant came into the store and showed him a pistol, and witness asked him what he intended to do with the pistol. Defendant said: ' Nothing, I have just got it from Archie Scott, and was taking it home.' Witness then said that he took the cylinder out, and put it in his pocket, and gave to defendant the pistol without the cylinder, and witness says this was on the 7th of January, 1881, about 9 o'clock, and that he has the cylinder of the pistol in his pocket, and has had it ever since." We are not informed of the ground of the objection to this proof, unless it is contained in the admission of the defendant " that the witness Harman had not been subpœnaed,— he promised him to come without;" and that the argument had begun. If the fact that the pistol had no cylinder constituted a good defense to the charge, it follows that the offered evidence was relevant and pertinent to this defense. Article 661, Code of Criminal Procedure, provides that the court *shall* allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice. The record shows that the witness had promised to attend without subpœna and testify. There is nothing in the record to show a disposition on the part of the defendant to delay the proceedings or trifle with the court. This being the case, did a due administration of justice require reception of the proffered evidence? We think so.

For the errors above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*